## MARYLAND CASUALTY CO. v. MORENO.
### No. 2639.

Court of Civil Appeals of Texas. Beaumont.
Oct. 4, 1934.

R. H. Mercer, of San Antonio, for appellant.

T. H. Miller, of George West, for appellee.

COMBS, Justice.

This appeal is from a judgment of the county court of Live Oak county, in favor of appellee, Elidio Moreno, and against the appellant, Maryland Casualty Company, awarding compensation in the amount of $324.50 under the Workmen's Compensation Act. The judgment was by default. There is no statement of facts and no brief for appellee.

Appellant's assignment that the judgment of the trial court in favor of appellee is without support in the pleadings must be sustained. From the transcript it appears that the appellant filed this suit to set aside an award of the Industrial Accident Board in favor of the appellee for the same amount for which the judgment was rendered. By his first amended answer, upon which the case was tried, appellee interposed a general demurrer, a specific denial of certain allegations in appellant's pleadings, and prayed for judgment for $324.50, "the full sum of the award of the Industrial Accident Board." Other than the prayer there is no hint of a cross-action of any kind.

Under the statutes, article 8307, § 5, Rev. St. (as amended by Acts of the 42d Leg., c. 224, p. 378 [Vernon's Ann. Civ. St. art. 8307, § 5]), a suit to set aside the award of the Industrial Accident Board requires a trial de novo for the determination of the issues involved "and the burden of proof shall be upon the party claiming compensation." It was therefore necessary for the plaintiff, by appropriate pleadings, to allege facts entitling him to the judgment which he obtained. This he did not do and the judgment was without any pleading to support it.

The case is reversed and remanded for a new trial.